UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL FOSCALINA, | No. 2:14-cv-0937 MCE CKD PS |
| Plaintiff, | |
| v. | <u>ORDER and</u> |
| UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, et al., | <u>FINDINGS AND RECOMMENDATIONS</u> |
| Defendants. | |

Plaintiff is proceeding in this action pro se. Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302(c)(21).

Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

/////

1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
3    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5    490 U.S. at 327.

6    In order to avoid dismissal for failure to state a claim a complaint must contain more than
7    "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
8    of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,
9    "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
10   statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim
11   upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A
12   claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
13   the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct.
14   at 1949.  When considering whether a complaint states a claim upon which relief can be granted,
15   the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),
16   and construe the complaint in the light most favorable to the plaintiff.  See Scheuer v. Rhodes,
17   416 U.S. 232, 236 (1974).

18   Plaintiff's 20 page complaint does not set forth a short and plain statement as required by
19   Federal Rule of Civil Procedure 8.  It is apparent, however, from the allegations of the complaint
20   that plaintiff challenges orders issued by state court judges arising out of the dissolution of
21   plaintiff's marriage and a determination that plaintiff is a vexatious litigant under California law,
22   California Code of Civil Procedure § 391 et seq.[1]  A federal district court does not have
23   jurisdiction to review errors in state court decisions in civil cases.  Dist. of Columbia Court of
24   Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415
25   (1923).  "The district court lacks subject matter jurisdiction either to conduct a direct review of a

---

[1] The United States District Court for the Eastern District of California is named as a defendant. The complaint, however, makes no allegations against this court.  Also named as a defendant is the Honorable Cole Blease, a Justice of the Third District Court of Appeal of California.  It appears plaintiff has confused the federal court with the California appellate court.

1  state court judgment or to scrutinize the state court's application of various rules and procedures
2  pertaining to the state case." Samuel v. Michaud, 980 F. Supp. 1381, 1411-12 (D. Idaho 1996),
3  aff'd, 129 F.3d 127 (9th Cir. 1997). See also Branson v. Nott, 62 F.3d 287, 291-92 (9th Cir.
4  1995) (finding no subject matter jurisdiction over section 1983 claim seeking, inter alia, implicit
5  reversal of state trial court action); MacKay v. Pfeil, 827 F.2d 540, 544-45 (9th Cir. 1987)
6  (attacking state court judgment because substantive defense improper under Rooker-Feldman).
7  That the federal district court action alleges the state court's action was unconstitutional does not
8  change the rule. Feldman, 460 U.S. at 486. Moreover, claims raised in federal district court need
9  not have been argued in the state judicial proceedings to be barred by the Rooker-Feldman
10  doctrine. Id. at 483-84 & n.16. If federal claims are "inextricably intertwined" with a state court
11  judgment, the federal court may not hear them. Id. "[T]he federal claim is 'inextricably
12  intertwined' with the state court judgment if the federal claim succeeds only to the extent that the
13  state court wrongly decided the issues before it." Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 25
14  (1987) (Marshall, J., concurring). In sum, "a state court's application of its rules and procedures
15  is unreviewable by a federal district court. The federal district court only has jurisdiction to hear
16  general challenges to state rules or claims that are based on the investigation of a new case arising
17  upon new facts." Samuel, 980 F. Supp. at 1412-13.

18      Plaintiff alleges improprieties related to domestic relation and vexatious litigant orders.
19  Plaintiff does not raise a general federal challenge to state law. See Branson, 62 F. 3d at 292.
20  Stripped to its essence, this action is one for federal court review of state court proceedings. The
21  court finds the instant action amounts to an attempt to litigate in federal court matters that are
22  inextricably intertwined with state court decisions. Accordingly, the court will recommend this
23  action be dismissed for lack of subject matter jurisdiction under Rooker-Feldman.

24      In accordance with the above, IT IS HEREBY ORDERED that plaintiff's request to
25  proceed in forma pauperis (ECF No. 2) is granted; and

26      IT IS HEREBY RECOMMENDED that this action be dismissed.

27      These findings and recommendations are submitted to the United States District Judge
28  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 23, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 foscalina.ifp.57